NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO CASTILLO MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-3030 <br><br> Agency No. <br> A205-145-218 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2024[**]
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Ricardo Castillo Martinez, a native and citizen of Mexico, seeks review of an

order by the Board of Immigration Appeals (BIA) dismissing his appeal of the

Immigration Judge's (IJ) decision denying his applications for cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and voluntary departure. Because we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i), we dismiss the petition.

Section 1252(a)(2)(B)(i) strips courts of jurisdiction to review the factual determinations underlying the BIA's decisions regarding cancellation of removal and voluntary departure. *See Patel v. Garland*, 596 U.S. 328, 347 (2022). We retain jurisdiction to review "constitutional claims or questions of law." § 1252(a)(2)(D). But to invoke such jurisdiction, a petitioner must raise a "colorable" question of law that has "some possible validity." *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 736 (9th Cir. 2012) (citation omitted). "[A] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking" a factual argument in legal "garb." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001).

Castillo Martinez challenges the IJ's determination that he lacks good moral character because he provided false testimony about his 2003 departure to Mexico with the intent to bolster his application for cancellation of removal. *See* 8 U.S.C. § 1101(f)(6) ("No person shall be regarded as . . . a person of good moral character who . . . has given false testimony for the purpose of obtaining any benefits under this chapter."). Whether a person has falsely testified with the requisite subjective intent to obtain an immigration benefit is a question of fact. *See Kungys v. United States*, 485 U.S. 759, 782 (1988); *United States v. Hovsepian*, 422 F.3d 883, 887–88 (9th Cir. 2005). Because Castillo Martinez challenges only the IJ's factual finding

that he had the subjective intent to deceive, we lack jurisdiction to review his petition.

Castillo Martinez unsuccessfully attempts to establish jurisdiction by framing his challenge as a legal question. He asserts that the IJ applied the wrong legal standard under § 1101(f)(6) because the IJ failed to ask—and failed to ultimately find—whether Castillo Martinez had the required subjective intent to obtain an immigration benefit. *See Kungys*, 485 U.S. at 780. But the record says otherwise. The IJ stated the correct legal standard under § 1101(f)(6) and made the reasonable inference from the facts that Castillo Martinez had the requisite intent. *See United States v. Bucher*, 375 F.3d 929, 931 (9th Cir. 2004) ("[F]acts *and* reasonable inferences from those facts are the province of the trier of fact."). After Castillo Martinez failed to provide a plausible explanation for his inconsistent testimony, the IJ reasonably inferred that he provided false testimony about his 2003 departure to benefit his application for cancellation of removal.

Castillo Martinez responds that because he raised an objection to the sufficiency of his Notice to Appear (NTA) in his August 2018 hearing—which called into question the start date of the period of continuous residence required under § 1229b(b)(1)(A)—he could not have conclusively known that his false testimony about his 2003 departure would benefit his application. This argument is unavailing, not least because Castillo Martinez provided inconsistent testimony in

his March 2017 hearing—over a year before he raised his objection to the NTA.

Ultimately, whether Castillo Martinez knew he would benefit from misrepresenting his departure in 2003 is a factual issue. That inquiry boils down to one question: Did Castillo Martinez provide false testimony to bolster his eligibility for cancellation of removal, or for some other reason? Castillo Martinez may disagree with the IJ's answer to this question, "but that disagreement does not amount to a colorable constitutional or legal challenge." *Zia v. Garland*, 112 F.4th 1194, 1202 (9th Cir. 2024).

**PETITION DISMISSED**.