NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TAREQ ZIAD FOUAD ZAKARNEH,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-1604

Agency No.
A207-079-225

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2025
Pasadena, California

Before: PAEZ, TALLMAN, and R. NELSON, Circuit Judges.

Tareq Ziad Fouad Zakarneh ("Zakarneh"), a Palestinian from the West

Bank, petitions for review of a decision by the Board of Immigration Appeals

("BIA") affirming the denial of his application for a good faith marriage waiver

under 8 U.S.C. § 1186(c)(4)(B).

"[A]s a mixed question of fact and law, the good faith marriage

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

determination is a 'question of law' that is reviewable under § 1252(a)(2)(D).  As it is a primarily factual question, our review is deferential." *Zia v. Garland*, 112 F.4th 1194, 1202 (9th Cir. 2024).  Although we lack jurisdiction to review the agency's factual determinations related to the marriage, we may review the agency's application of those facts to the legal standard.  *Id*. at 1201 (citing *Wilkinson v. Garland*, 601 U.S. 209, 221–22 (2024)).  We may also review constitutional claims.  *See id.* at 1199; § 1252(a)(2)(D).  We deny the petition.

**1.**  We agree with the BIA that Zakarneh has not demonstrated that he entered his marriage in good faith.  The agency found Zakarneh not credible.  The agency further found that Zakarneh pressured his ex-wife into a rushed marriage after threatening to marry another woman if she did not agree to marry him; that he did not exhibit affection for her; and that he and his ex-wife did not meaningfully co-mingle finances, *see* 8 C.F.R. § 1216.5(e)(2).  The remaining credible evidence is insufficient to establish that it is more likely than not that Zakarneh entered his marriage with the intent to live a life with his ex-wife.  *See Bark v. I.N.S.*, 511 F.2d 1200, 1201 (9th Cir. 1975).  We therefore find no legal error in the BIA's good faith marriage determination.

**2.**  We also agree with the BIA that the IJ did not violate Zakarneh's due process rights in crediting certain hearsay statements made by his ex-wife and her friend.  At minimum, Zakarneh must demonstrate that the admission of those

statements was fundamentally unfair, *see Saidane v. I.N.S.*, 129 F.3d 1063, 1065 (9th Cir. 1997), which requires demonstrating prejudice, *see Pagayon v. Holder*, 675 F.3d 1182, 1191-92 (9th Cir. 2011).  Zakarneh does not do so.  The credited statements are duplicative of other evidence in the record, and the agency's adverse credibility and good faith marriage determinations did not rely on those statements. Zakarneh's due process argument therefore fails.

**PETITION DENIED.**