NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC FRANK FLORES SEGURA; et al., Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-2513 Agency Nos. A241-710-469 A241-710-470 A241-710-471 A241-710-472 A241-710-473 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2025**

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Eric Frank Flores Segura, his wife, and their minor children, natives and

citizens of Peru, petition pro se for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and protection under the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Petitioners do not challenge the agency's determination that their past harm was not on account of a protected ground, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

As to asylum, substantial evidence supports the agency's conclusion that petitioners failed to show a reasonable possibility of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution was "too speculative").

As to withholding of removal, substantial evidence also supports the agency's conclusion that petitioners failed to show a clear probability of future persecution. *See id*.

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Thus, petitioners' asylum and withholding of removal claims fail.

24-2513

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Peru. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Petitioners' claim that the agency violated due process by moving quickly through their proceedings and failing to provide a complete hearing transcript fails for lack of prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) ("prejudice . . . means that the outcome of the proceeding may have been affected by the alleged violation."); *see also Zia v. Garland*, 112 F.4th 1194, 1203 (9th Cir. 2024) (petitioner failed to demonstrate prejudice from incomplete hearing transcript).

We do not consider the materials petitioners reference in the opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**