NOT FOR PUBLICATION

**FILED**

OCT 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLADYS MARISOL BERMEO-VEGA; L.I.B.B., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-237 <br><br> Agency Nos. <br> A220-672-253 <br> A220-489-979 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2025**
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Gladys Marisol Bermeo-Vega (Bermeo-Vega) and her minor child, L.I.B.B.[1]

(collectively, Petitioners), natives and citizens of Ecuador, petition for review of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] L.I.B.B. is a derivative of Bermeo-Vega's application. She also filed an independent application premised on the same facts as Bermeo-Vega's application.

the decision of the Board of Immigration Appeals (BIA) affirming the denial by an Immigration Judge (IJ) of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Petitioners challenge: (1) the adequacy of due process protections provided to Bermeo-Vega; and (2) the IJ's adverse credibility finding. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). We review questions of law de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

1. Due Process Protections. Petitioners challenge the BIA's conclusion that Bermeo-Vega knowingly and voluntarily waived her right to counsel. "Constitutional due process challenges to immigration decisions are reviewed de novo." *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009). "A decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may

have been affected by the alleged violation." *Zia v. Garland*, 112 F.4th 1194, 1203 (9th Cir. 2024) (quotation omitted). For a waiver of counsel to be valid, "at a minimum [IJs] must (1) inquire whether the petitioner wishes counsel, (2) determine a reasonable period for obtaining counsel, and (3) assess whether any waiver of counsel is knowing and voluntary." *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008) (quotation modified and citations omitted).

Bermeo-Vega was informed of her right to counsel over nine months before her final hearing. In the first hearing, the IJ informed her of her right to counsel and provided a list of free attorneys and a period of 3.5 months to obtain counsel. That period was extended by several months due to a delay in holding the second hearing and two follow-up hearings that allowed additional time for Bermeo-Vega to submit asylum applications for herself and L.I.B.B. At each subsequent hearing, the IJs inquired as to whether Bermeo-Vega wished to proceed without a lawyer, and she answered affirmatively each time. On this record, Bermeo-Vega's waiver of counsel was valid. Moreover, Bermeo-Vega failed to establish that she suffered prejudice. *See Arrey v. Barr*, 916 F.3d 1149, 1153−54, 1158−59 (9th Cir. 2019).

2. <u>Adverse Credibility Determination</u>. Petitioners also challenge the BIA's conclusion that Bermeo-Vega was not credible. The IJ determined that Bermeo-Vega was not credible because of inconsistencies between her testimony, her declaration, and her documentary evidence. Her testimony was also internally

inconsistent. The BIA affirmed that decision, identifying several specific inconsistencies and omissions.

We review adverse credibility determinations for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "[T]he REAL ID Act requires that credibility determinations be made on the basis of the 'totality of the circumstances, and all relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The Act "permits IJs to consider factors such as demeanor, candor, responsiveness, plausibility, inconsistencies, inaccuracies, and falsehoods to form the basis of an adverse credibility determination." *Barseghyan v. Garland*, 39 F.4th 1138, 1142–43 (9th Cir. 2022) (citing *Shrestha*, 590 F.3d at 1044).

At the hearing, the IJ gave Bermeo-Vega an opportunity to explain each inconsistency, but she could not adequately explain any of them. The IJ concluded, and the BIA agreed, that Petitioners' asylum, withholding of removal, and CAT claims failed because Bermeo-Vega was not a credible witness and she did not offer other sufficient evidence to support her claims. Substantial evidence supports the BIA's determination that the IJ did not err in making this adverse credibility determination. In the absence of credible testimony, the record does not

compel us to reach a conclusion contrary to the BIA's determination that Bermeo-Vega did not establish eligibility for asylum, withholding of removal, or relief pursuant to the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION DENIED.**