NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MANUEL IZQUIERDO-BERNABE,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1372

Agency No.
A216-474-826

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025[**]
Seattle, Washington

Before: McKEOWN, PAEZ, and DESAI, Circuit Judges.

Manuel Izquierdo-Bernabe petitions for review of the decision of the Board

of Immigration Appeals ("BIA") affirming the denial of his application for

cancellation of removal. He argues that the Immigration Judge ("IJ") erred in

assessing the hardship that his removal would bring upon his qualifying relatives—

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Petitioner's motion to appear remotely for oral argument, Dkt. No. 39, is denied as moot.

his wife, Jessica Albizo Arroyo, his daughter, Aaliyah, and his son, Xavier. Exercising jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), we deny the petition.

"[T]he application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under § 1252(a)(2)(D)." *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024).[1] We review the IJ's application of the hardship standard to a given set of facts for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). In reaching its hardship determination, the agency must "consider all the evidence" and "discuss[] all evidence that [is] highly probative or potentially dispositive." *Id.* at 1008. But it need not "individually identify and discuss every piece of evidence in the record." *Id.* (quoting *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022)).

"Because the BIA expressly adopted the IJ's decision under *Matter of Burbano* [20 I. & N. Dec. 872, 874 (BIA 1994)], but also provided its own review of the evidence and the law, we review both the IJ and the BIA's decision." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010).

**1.** The IJ did not "overlook[]" the impact that Izquierdo-Bernabe's removal would have on the family drywalling business and the ensuing financial hardships

---

[1] The parties no longer dispute whether this court has jurisdiction to review the agency's hardship determination.

on his qualifying relatives. The IJ repeatedly noted the potential harm to the family that would arise from losing financial support.

Nor does the potential loss of the business compel the conclusion that Izquierdo-Bernabe's relatives will suffer exceptional and extremely unusual hardship. The essence of this hardship is financial—Arroyo and Aaliyah will have less income if they lose the drywalling business. And the BIA has long held that "economic detriment alone is insufficient to support even a finding of extreme hardship." *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (BIA 2002).[2] Moreover, the IJ emphasized that, because Arroyo has a nursing assistant license, she will likely be able to replace at least some of that lost income.

**2.** Izquierdo-Bernabe also argues that the IJ failed to mention or consider the fact that his removal would prevent Arroyo from returning to nursing school. Indeed, the IJ's brief analysis of Arroyo's hardship does not mention this particular negative outcome, despite it being a central feature of Arroyo's testimony, Arroyo's affidavit, and multiple affidavits submitted in support of Izquierdo-Bernabe's application for relief.

But the IJ did not err in not discussing this evidence because it is not "highly probative or potentially dispositive." *Gonzalez-Juarez*, 137 F.4th at 1008. The

---

[2] Though not binding, the BIA's interpretation of 8 U.S.C. § 1229b(b)(1)(D) is instructive. *Gonzalez-Juarez*, 137 F.4th at 1006.

reason Izquierdo-Bernabe's removal would hurt Arroyo's desire to attend nursing school is, at bottom, financial—she worries she could not afford tuition or the necessary associated childcare. The IJ expressly considered the "significant . . . financial hardship to [Arroyo] if [Izquierdo-Bernabe] had to leave the United States." Even if the IJ's consideration did not encompass the specific resulting hardship of not being able to afford nursing school, that lost opportunity is neither highly probative nor potentially dispositive of Arroyo's claim to exceptional and unusual hardship, and thus the failure to discuss the lost opportunity was not error. *See id.*

**3.** Izquierdo-Bernabe argues that the IJ erred in analyzing the hardship that his removal would bring upon Aaliyah. We disagree. Taking the facts as the IJ found them, *Wilkinson*, 601 U.S. at 225, the IJ's hardship determination is supported by substantial evidence. The IJ found that "Aaliyah's speech and behavioral issues don't present themselves at the present moment as being so significant that she necessarily needs the respondent's involvement and intervention with treatment and assistance with treatment." The IJ emphasized the uncertainty of Aaliyah's diagnosis and future needs, found it possible that her speech and behavioral issues will resolve once she starts school, and concluded that there was no evidence that, in the event that she "need[s] more help," such help would not be available to her in Boise. These facts do not "compel" the

conclusion that Aaliyah's hardship will be exceptional and extremely unusual. *Gonzalez-Juarez*, 137 F.4th at 1003 (quoting *Zia v. Garland*, 112 F.4th 1194, 1202 (9th Cir. 2024)).[3]

Nor did the IJ run afoul of our holding in *Figueroa v. Mukasey*, 543 F.3d 487 (9th Cir. 2008), *abrogated on other grounds by*, *Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009) (en banc). The IJ in that case erred by focusing on whether the qualifying relatives' medical conditions, in and of themselves, were exceptional and extremely unusual, rather than analyze whether the conditions would lead to qualifying hardship "in the event of the parents' removal." *Figueroa*, 543 F.3d at 497. The IJ here, in contrast, expressly made findings about the nature of Aaliyah's likely hardship "if [Izquierdo-Bernabe] had to leave the United States."

And the IJ did not err in qualifying the testimony of the Licensed Clinical Social Worker, Jeffrey Moreno, who opined on Aaliyah's speech and behavioral issues. The IJ accurately noted that Moreno is not a doctor and that Moreno had

---

[3]     The record reveals some uncertainty at the time of the 2021 hearing as to whether Aaliyah's speech and behavioral issues would resolve upon starting school and whether her suspected diagnosis would be confirmed. In the event that Aaliyah's condition has deteriorated or her diagnosis has been confirmed, Izquierdo-Bernabe may move to reopen his proceedings. 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.").

not reviewed Aaliyah's medical records. No rule prohibits such a qualification of an expert's testimony. And the IJ nonetheless considered Moreno's testimony and recounted it at length.

**4.** The IJ did not fail to consider the financial impacts on Xavier in the analysis of aggregate hardship. The IJ considered all the relevant hardships to Xavier and considered all the hardships in the aggregate, including "financial hardship." No more was required.

**PETITION FOR REVIEW DENIED.**