**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR RODRIGUEZ-ROJAS,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 21-191<br><br>Agency No.<br>A209-809-499<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 19, 2026**
Tucson, Arizona

Before: HAWKINS, HURWITZ, and DESAI, Circuit Judges.

Julio Rodriguez-Rojas, a native and citizen of Mexico, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order of an Immigration Judge ("IJ") granting voluntary departure. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"A decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Zia v. Garland*, 112 F.4th 1194, 1203 (9th Cir. 2024) (citation modified). Rodriguez-Rojas claims he was denied due process when the IJ denied a continuance he sought to obtain new counsel and pursue a waiver of inadmissibility based on his wife's I-130 petition. He also argues the IJ denied him due process by failing to provide a translator at the merits hearing, during which the IJ provided the voluntary departure advisals. *See* 8 C.F.R. § 1240.26(c)(3)(i)– (iii).

We review due process challenges de novo, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008), and find no error. Rodriguez-Rojas waived all forms of relief other than voluntary departure at a prior hearing at which an interpreter was present, and was in any event ineligible for adjustment of status, even with a waiver of inadmissibility. *See* 8 U.S.C. §§ 1182(a)(6)(A)(i), 1255(a). "[B]ecause nothing in the record shows that he was eligible for adjustment of status or any other relief" beyond voluntary departure, which the IJ granted, Rodriguez-Rojas has not demonstrated prejudice. *Sandoval-Luna*, 526 F.3d at 1247; *see also United States v. Ramos*, 623 F.3d 672, 684 (9th Cir. 2010) (finding no prejudice

despite lack of proper translation because the petitioner was statutorily ineligible for relief).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The stay of removal, **Dkt. 4**, will be vacated on issuance of the mandate.