NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| NAVDEEP SINGH,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-4096<br><br>Agency No.<br>A215-674-445<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026**
Seattle, Washington

Before: TALLMAN, OWENS, and R. NELSON, Circuit Judges.

Navdeep Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an

Immigration Judge's ("IJ") decision denying his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, humanitarian asylum, and protection under the Convention Against Torture ("CAT"). "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). "We 'review questions of law de novo' and the agency's 'factual findings for substantial evidence.'" *Id.* (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny in part and grant in part the petition for review, and remand for the agency to address the second prong of the humanitarian asylum analysis in the first instance.

1. For asylum and withholding of removal, if an applicant demonstrates past persecution, the Department of Homeland Security ("DHS") bears the burden of establishing by a preponderance of the evidence that the applicant does not have a well-founded fear of future persecution because: (1) "[t]here has been a fundamental change in circumstances"; or (2) "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country . . . [and] it would be reasonable to expect the applicant to do so." 8 C.F.R. §§ 1208.13(b)(1)(i)-(ii), 1208.16(b)(1)(i)-(ii).

The agency found that, although Singh established past persecution on account of his political opinion, DHS had demonstrated that Singh could safely and

reasonably relocate within India to avoid future persecution. Substantial evidence supports the agency's determination. The agency noted that: (1) Singh had been accepted to the National Institute of Technology in Delhi and his admission had never been cancelled; (2) Singh spoke English and Hindi fluently; (3) Singh did not have any trouble during the three months he resided with his aunt in Delhi before leaving for the United States; (4) Singh's fears that the Bharantiya Janta Party ("BJP") would track him down outside of Haryana were not reasonable; (5) Jats reside in many states throughout India; (6) seven out of ten chief ministers in Haryana were Jats; (7) there was no evidence of generalized violence between the Jats and non-Jats, or violence targeting political activists on either side, since the February 2016 riots in Haryana; and (8) the BJP had accumulated significant Jat support.

In addition, Singh argues that the BIA erroneously stated that the IJ did not also rely on a "fundamental change in circumstances" to rebut the presumption of future persecution. However, any error by the BIA was harmless because relocation and changed circumstances are independent alternative grounds. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021).

2. Singh argues that the IJ violated his due process rights by allowing DHS to admit Exhibit 10—a public news article that had not been previously filed with the IJ—as rebuttal evidence during its cross-examination of Singh at the merits

hearing.

To establish a due process violation, the petitioner must show: "(1) the proceeding was so fundamentally unfair that the [petitioner] was prevented from reasonably presenting his case, and (2) the [petitioner] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Zia v. Garland*, 112 F.4th 1194, 1203 (9th Cir. 2024) (citation omitted).

Singh fails to show that the admission of Exhibit 10 prevented him from reasonably presenting his case. Singh's counsel was given time to review Exhibit 10, offered no objection aside from timeliness, and did not ask Singh any questions about Exhibit 10 on redirect. *Cf. Cinapian v. Holder*, 567 F.3d 1067, 1074-75 (9th Cir. 2009) (finding a due process violation where the petitioners were not given a pre-hearing opportunity to review forensic reports concluding that the petitioners' documents were fraudulent and DHS did not make the reports' author available for cross-examination).

Moreover, Singh fails to show that he was prejudiced by the admission of Exhibit 10. Although the IJ relied on Exhibit 10 for the proposition that the BJP had been able to accumulate significant Jat support, the IJ also considered Singh's testimony and other evidence in the record to find that he could safely and reasonably relocate to another part of India.

3. "Regardless of whether the government has rebutted the presumption of an asylum applicant's well-founded fear of persecution, the BIA may still grant humanitarian asylum." *Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019). An applicant seeking humanitarian asylum must show either (1) "compelling reasons for being unwilling or unable to return" to his country of nationality "arising out of the severity of the [applicant's] past persecution," or (2) "a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii).

The IJ set forth the above standard, but only addressed the first prong. The BIA did not address humanitarian asylum, so it adopted the IJ's decision under *Burbano*. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 899 (9th Cir. 2009).

For the first prong, the record does not compel the conclusion that the agency erred in finding that Singh's past persecution did not rise to the necessary level of atrociousness to warrant humanitarian asylum. *See Singh*, 914 F.3d at 662 ("Our case law demonstrates that extremely severe persecution is required to warrant humanitarian relief.").

The IJ did not address the second prong. The Government argues that Singh failed to raise the second prong before the IJ or BIA, and therefore failed to exhaust the issue. However, Singh explicitly raised the second prong in his pre-hearing statement to the IJ, which is sufficient under *Abebe v. Gonzales*, 432 F.3d

1037, 1040-41 (9th Cir. 2005) (en banc).  Although Singh's claim under the second prong may be in tension with the agency's holding that Singh could safely relocate within India, we will not uphold the agency on grounds it failed to consider.  *See Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020).  Therefore, we remand for the agency to consider the second prong in the first instance.  *See Hanna v. Keisler*, 506 F.3d 933, 939 (9th Cir. 2007).

4.  The BIA deemed Singh's CAT claim waived because he failed to raise any "meaningful challenges" to the IJ's denial of CAT protection.  A petitioner must "put[] 'the BIA on notice' of a challenge such that the BIA 'had an opportunity to pass' on it."  *Martinez v. Barr*, 941 F.3d 907, 922 (9th Cir. 2019) (citation omitted).

In his brief to the BIA, Singh stated only that the IJ's denial of CAT protection rested solely on the finding that he could relocate within India, and that finding was erroneous for the same reasons as for his asylum claim.  However, the IJ did not deny CAT protection solely based on relocation, and the CAT standard differs from that for asylum.  *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022).  Therefore, the BIA reasonably concluded that Singh's mere reference to his relocation argument for his asylum claim did not meaningfully challenge the IJ's denial of his CAT claim.  *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 & n.8 (9th Cir. 2019).

25-4096

**PETITION DENIED IN PART, GRANTED IN PART, AND**

**REMANDED.**[1]

---

[1] The motion to stay removal is granted (Dkt. No. 14).

25-4096