**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MICHELLE REGINA ALVES PEREIRA;
L.M.A.C.; I.C.A.P.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 24-6388

Agency Nos.
A220-216-899
A220-216-900
A220-216-901

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2026**
Seattle, Washington

Before: W. FLETCHER and M. SMITH, Circuit Judges, and HINDERAKER,
District Judge.***

Michelle Regina Alves Pereira (Petitioner) and her children, L.M.A.C. and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John Charles Hinderaker, United States District Judge
for the District of Arizona, sitting by designation.

I.C.A.P. (collectively, Petitioners), are native citizens of Brazil and petition for review of a decision of the Board of Immigration Appeals (BIA) affirming an order of an Immigration Judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023) (citation modified); *see also Matter of Burbano*, 20 I & N Dec. 872, 874 (BIA 1994). We review "questions of law de novo and the agency's factual findings for substantial evidence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation modified). "Under the substantial evidence standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)); *see also* 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. To qualify for asylum or withholding of removal, Petitioners must establish past persecution or an objectively reasonable fear of future harm. *See Diaz v. Bondi*, 129 F.4th 546, 553 (9th Cir. 2025); 8 C.F.R. § 1208.13(b)(2)(i)(A)-(C). Petitioners claimed past persecution on the basis of anonymous threats received by Petitioner in connection with her work as a legal aide in a case representing a controversial criminal defendant. The agency considered the threats against Petitioner

cumulatively and determined that they did not rise to the level of persecution. The record does not compel a contrary conclusion.

The IJ explained that none of the threats resulted in a confrontation or physical harm to Petitioner, and each threat was made anonymously. "Unfulfilled threats are very rarely sufficient to rise to the level of persecution, and [Petitioner] has not made that showing here." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (death threats "constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm" (citation modified)). The record does not otherwise indicate harm to Petitioner or her children in Brazil on account of a protected ground.

Substantial evidence also supports the agency's determination that Petitioners failed to demonstrate a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(a), 1208.16(b)(2). As the IJ noted, Petitioner no longer works with nor has any connection to the law firm or to the criminal defendant the firm represented. Given that the controversial criminal case ended in a conviction and sentence of greater than thirty years, the record does not indicate that Petitioners are likely to be targeted with intimidation or continued threats related to the criminal case if removed to Brazil.

2. Petitioners forfeited any challenge to the denial of CAT relief by failing to raise the issue in their opening brief. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

3. Petitioners do not establish a due process violation. We review due process claims de novo. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). "A complete and accurate transcript is . . . essential for the Board to adjudicate an appeal that turns on witness testimony." *Matter of Kagumbas*, 28 I & N Dec. 400, 406 (BIA 2021). However, "[t]his does not mean that the transcript has to be perfect." *Id.* If the transcript is "complete enough for the Board to meaningfully review an appeal," *id.*, "a mere failure of transcription . . . does not rise to the level of a due process violation," *Zia v. Garland*, 112 F.4th 1194, 1203 (9th Cir. 2024).

Petitioners do not demonstrate that the indiscernible or untranslated portions of their hearing transcript rendered the transcript so incomplete that it violated their right to a full and fair hearing, nor that they were substantially prejudiced. *Hussain*, 985 F.3d at 642; *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). The transcript indicates that the errors Petitioners attribute to their interpreter resulted from clarification requests by the interpreter, each of which was immediately resolved. The transcript further indicates that the other "untranslated" and "indiscernible" statements at issue did not prevent Petitioner from thoroughly answering the questions she was asked related to the line of testimony her counsel sought to

develop.  *See Matter of Kagumbas*, 28 I & N at 406 (explaining that "if there are only a few words that are indiscernible or the indiscernible testimony is not critical to the outcome of the case, then remand is not necessary").  Relatedly, Petitioners do not demonstrate any prejudice or identify any "missing facts" or arguments they were "unable to raise before the BIA due to the missing entries in the hearing transcript." *Zia*, 112 F.4th at 1203; *see also Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir. 1994) (no prejudice where petitioner "ha[d] not indicated what, if anything, she would have said differently if given a chance," even assuming "the interpretation was incompetent").  Accordingly, Petitioners have not established a due process violation.

**PETITION DENIED.**